*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MENDELSON ORTHOPEDICS, PC, and
SYNERGY SPINE AND ORTHOPEDIC
SURGERY CENTER, LLC,

UNPUBLISHED
February 26, 2019

Plaintiffs-Appellants,

v

No. 340844
Wayne Circuit Court
LC No. 16-001059-NF

FREMONT INSURANCE COMPANY,

Defendant-Appellee.

Before: GLEICHER, P.J., and K. F. KELLY and LETICA, JJ.

PER CURIAM.

Plaintiffs appeal as of right an order granting summary disposition to defendant. We affirm, albeit for different reasons.

## I. BASIC FACTS

Plaintiffs are medical service providers who provided orthopedic care to Melvin Ayotte ("Ayotte") following a car accident. Ayotte was an occupant in a car that was insured by defendant at the time of the accident. Following the completion of his treatment with plaintiffs, plaintiffs sought no-fault benefits from defendant for medical services performed after the accident. Defendant refused to compensate plaintiffs, and plaintiff sued for breach of contract.

The trial court granted summary disposition, citing *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 195-196; 895 NW2d 490 (2017), in which our Supreme Court held that medical service providers do not have an independent statutory right to sue for no-fault personal protection insurance ("PIP") providers for the payment of no-fault benefits. The trial court further concluded that the anti-assignment provision in the insurance policy was clear and unambiguous and that Ayotte could not assign his rights to plaintiff. Plaintiff now appeals by right.

## II. ANALYSIS

In *Covenant*, the Michigan Supreme Court held that, standing alone, "healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of personal protection insurance benefits under the no-fault act." *Id*. at 196. Thus, in order for plaintiffs to have standing to sue defendant for reimbursement of Ayotte's medical expenses, plaintiffs were required to obtain an assignment of rights from Ayotte. *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 187-188; 920 NW2d 148 (2018). Plaintiffs did so, and the assignment of rights was executed on June 1, 2017. However, defendant contends that the assignment of rights was invalid because it was executed in violation of the terms of the insurance policy.

Even if it is unambiguous, the clause is ultimately unenforceable because it violates public policy. In *Shah*, we analyzed whether an unambiguous anti-assignment clause was enforceable by applying precedent established in *Roger Williams Ins Co v Carrington*, 43 Mich 252, 5 NW 303 (1880). This Court summarized the holding in *Roger Williams* as follows:

> Our Supreme Court in *Roger Williams* essentially held that an accrued cause of action may be freely assigned after the loss and that an anti-assignment clause is not enforceable to restrict such an assignment because such a clause violates public policy in that situation. Here, there similarly was an accrued claim against [an] insurer . . . for payment of health care services that had already been provided . . . before [the insured party] executed the assignment. Under *Roger Williams*, any contractual prohibition against the assignment of that claim to plaintiffs was unenforceable because it was against public policy. [*Shah*, 324 Mich App at 200.]

The factual background in *Shah* is nearly identical to the factual background described herein. In *Shah*, as in this case, the injured party assigned his right to payment of no-fault benefits for medical services rendered following a car accident to the plaintiff, his medical provider. *Id*. at 187. The plaintiff then sued the defendant, his car insurance company. *Id*. In *Shah*, this Court opined that the anti-assignment clause at issue was unambiguous, but ultimately determined that "the antiassignment clause in the instant case is unenforceable to prohibit . . . an assignment after the loss occurred of an accrued claim to payment [for medical treatment]—because such a prohibition of assignment violates Michigan public policy that is part of our common law as set forth by our Supreme Court." *Id*. at 200. Accordingly, enforcing the anti-assignment clause at issue herein would be contrary to public policy.

However, even though the anti-assignment clause is unenforceable, remand to the trial court is unnecessary because plaintiffs' action is barred by the one-year-back rule in MCL 500.3145(1).

The one-year-back rule states that "the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced." *Shah*, 324 Mich App at 202, quoting MCL 500.3145(1). The one-year-back rule "is designed to limit the amount of benefits recoverable under the no-fault act to those losses occurring no more than one year before an action is brought." *Id*. (quotation marks and citation omitted). Plaintiffs filed their original complaint on January 26, 2016. The complaint was filed before the Michigan

Supreme Court issued its opinion in *Covenant*, 500 Mich at 191, on May 25, 2017. Plaintiffs obtained an assignment of rights from Ayotte after *Covenant* was decided. The assignment of rights was executed on June 1, 2017. For the purpose of applying the one-year-back rule, MCL 500.3145(1), the issue herein is whether the assignment of rights relates back to the January 25, 2016 filing date of the original complaint, or whether the June 1, 2017 date of assignment is the appropriate reference date.

Defendant contends that plaintiffs may only recover for losses incurred between June 1, 2016 and June 1, 2017, and that the assignment of rights does not relate back to the original complaint. A similar argument was made in *Shah*, 324 Mich App at 182. In *Shah*, the plaintiffs argued that the assignment of rights should "relate back to the date of the original complaint," which would allow them to pursue no-fault benefits for the recovery of medical expenses incurred during the year leading up to the filing of the complaint. *Id*. at 202-203. This Court disagreed, noting that "[a]n assignee stands in the position of the assignor, possessing the same rights and being subject to the same defenses." *Id*. at 204, quoting *Burkhardt v Bailey*, 260 Mich App 636, 652-653; 680 NW2d 453 (2004). This Court reasoned that the plaintiffs

> could not obtain any greater rights from [assignor] on the date of the assignments . . . than [assignor] himself possessed on that date. . . . Through the assignment, [the] plaintiffs only obtained the rights [assignor] actually held at the time of the execution of the assignment . . . and plaintiffs cannot rely on the relation-back doctrine to essentially gain the potential for a greater right to recovery than they actually received. [*Shah*, 324 Mich App at 204-205.]

Therefore, this Court concluded that the assignment of rights executed in favor of the plaintiffs only gave them the right to seek no-fault benefits for any portion of the loss that was incurred within one year of the date of assignment. *Id*.

Plaintiffs seek the payment of no-fault benefits for losses incurred between December 12, 2012, which was the date of the car accident, and January 26, 2016, which was the date that the original complaint was filed. Because the right to seek no-fault benefits only relates back one year from the date of assignment on June 1, 2017, plaintiffs can only recover no-fault benefits for medical services rendered between June 1, 2016, and June 1, 2017. *Shah*, 324 Mich App at 204-205. However, there is no evidence in the record indicating that plaintiffs provided medical care to Ayotte between June 1, 2016 and June 1, 2017. Consequently, although the trial court erred by finding that the anti-assignment clause was enforceable, remand would be futile because the one-year-back rule, MCL 500.3145(1), prevents plaintiffs from recovering.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Anica Letica